IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DSL CORPORATION | § | |
| | § | |
| *vs.* | § | C. A. NO. H – 14 – 1295 |
| | § | ADMIRALTY |
| M/V OLYMPIAS, *her tackle,* | § | |
| *apparel, furniture, equipment,* | § | |
| *etc., et al.* | § | |

## ORIGINAL  COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DSL Corporation files this Original Complaint against Defendants, the M/V OLYMPIAS, *in rem*, and Trireme Maritime Co. Ltd. ("Trireme") and Petrofin Ship Management, Inc. ("Petrofin"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.      This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts.  Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

2.      Plaintiff is a Texas corporation with its principal place of business in Houston.

3.      At all times material and on information and belief, the OLYMPIUS was an ocean–going vessel, registered in the Bahamas, bearing International Maritime

Organization (IMO) No. 9233882, weighing approximately 29,999 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4.      At all times material, Trireme owned, chartered, managed and/or operated the M/V OLYMPIAS as a common carrier of goods by water for hire between various ports, including the Ports of Subic, Philippines and Houston.  Trireme is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing torts in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Trireme is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Trireme may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Trireme has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Trireme is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Trireme with a summons is effective to establish personal jurisdiction over it.  Trireme can be served by serving the Texas Secretary of State.  Process or notice can be sent to Trireme at its home office in care of

Petrofin Ship Management, Inc., 2nd Floor, 29, Ilision Street, Kifisia, 145 64 Athens, Greece.

5.     At all times material, Petrofin managed and/or operated the M/V OLYMPIAS as a common carrier of goods by water for hire between various ports, including the Ports of Subic, Philippines and Houston.  Petrofin is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing torts in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Petrofin is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Petrofin may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Petrofin has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Petrofin is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Petrofin with a summons is effective to establish personal jurisdiction over it.  Petrofin can be served by serving the Texas Secretary of State.  Process or notice can be sent to Petrofin at its home office located at

2nd Floor, 29, Ilision Street, Kifisia, 145 64 Athens, Greece.

6.     On or about March 6, 2013, Plaintiff's shipper tendered in good order and condition to Defendants at Subic cargos of ERW Prime Oil Country Casing.  The M/V OLYMPIAS and Trireme agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Defendants acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued various bills of lading, including Bills of Lading Nos. BLPBIMOLYOLYM26 and 47, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V OLYMPIAS.

7.     On or about May 12, 2012, the M/V OLYMPIAS arrived at the Port of Houston where Defendants discharged and later delivered the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was wet, stained, contaminated, rusty, pitted, dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed and otherwise physically damaged.  The damages and loss proximately resulted from Defendants' respective and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V OLYMPIAS.

8.     Alternatively but without waiving the foregoing, at all times material and on information and belief, Plaintiff's damages and loss proximately resulted from Petrofin's act(s) and/or omission(s) constituting negligence in managing and/or operating the M/V

OLYMPIAS.

9.     Plaintiff proximately has sustained damages exceeding $10,566.83 plus interest dating from March 6, 2013, demand for which has been made upon Defendants, but which they refuse to pay.

10.    At all times material, Plaintiff owned the cargos and/or brings this action for itself and/or as agent(s) and/or trustee(s) for all persons or entities, including any insurer(s), that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DSL Corporation prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V OLYMPIAS, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V OLYMPIAS be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V OLYMPIAS, *in rem*, and Trireme Maritime Co. Ltd. and Petrofin Ship Management, Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By_____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:        (713) 864–2221
Facsimile:        (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFF